UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARCEAU J. DOZE-GUILLORY, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| MICHAEL W. WYNNE, | § | SA-06-CA-0792 FB (NN) |
| Secretary, Department of the Air Force, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM AND RECOMMENDATION
### ON DEFENDANT'S MOTION TO DISMISS

This memorandum and recommendation addresses the pending motion to dismiss.[1] I have jurisdiction to enter this memorandum and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a magistrate judge is statutorily constrained.[2] After considering the motion to dismiss, I recommend dismissing this case because the plaintiff did not exhaust her administrative remedies.

### Nature and Background of the Case

On September 18, 2006, plaintiff Marceau J. Doze-Guillory filed a complaint in this case, naming Michael W. Wynne, Secretary of the Air Force, as defendant. In her complaint, the plaintiff alleged that the Air Force had unlawfully discriminated against her in her employment on the basis of disability, sex, age, and hostile work environment. Once the defendant was

---

[1]Docket entry # 24.

[2]Docket entry # 11.

served,[3] the defendant moved for a more definite statement.[4] After the plaintiff failed to respond to the defendant's motion, I granted the motion for a more definite statement, struck the complaint, and ordered the plaintiff to file an amended complaint to correct specified deficiencies.[5] The plaintiff filed a first amended complaint on May 11, 2007.[6] Although she did not correct all deficiencies, she added a claim about discrimination based on race and omitted her previous claim about discrimination based on disability.[7] The plaintiff indicated that she sought damages under 42 U.S.C. § 2000e.

Shortly after the plaintiff filed her first amended complaint, the defendant moved to dismiss this case on three grounds: (1) the plaintiff's complaint is still insufficiently pled, (2) the plaintiff failed to exhaust her administrative remedies, and (3) the plaintiff failed to allege an adverse employment action. Although each of these arguments provides a basis for dismissal, my recommendation in this case is based on the plaintiff's failure to exhaust her administrative remedies because that ground is jurisdictional.

## Exhaustion of Administrative Remedies

The defendant maintains that this case should be dismissed for failure to exhaust administrative remedies because the plaintiff filed her case too early. The defendant contends that the plaintiff filed her case too early because she did not wait for a final decision by the Equal

---

[3]*See* docket entry #s 5 & 6.

[4]Docket entry # 10.

[5]Docket entry # 13.

[6]Docket entry # 19.

[7]Docket entry # 19.

Employment Opportunity Commission (EEOC) Office of Federal Operations (OFO). Because the plaintiff elected to appeal to the OFO rather than file a lawsuit, the defendant maintains that the plaintiff was required to wait until her appeal was resolved before filing her lawsuit. Thus, the defendant argues that this case was prematurely filed.

Title VII permits a plaintiff to file a lawsuit against a federal governmental agency if she has exhausted her administrative remedies.[8] Under 42 U.S.C. § 2000e-16(c), a federal employee can file a complaint in federal court "after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Equal Employment Opportunity Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit. . . ." An employee who appeals the EEOC determination on her charge of discrimination must await a decision by the appeals office, or 180 days, whichever comes first, before filing in federal court.[9] An employee who files too early fails to exhaust her administrative remedies.[10] Failing to exhaust administrative remedies deprives the court of jurisdiction.[11]

To show that the plaintiff failed to exhaust her administrative remedies, the defendant

---

[8] *See* 42 U.S.C. § 2000e-16(a) & (c); *Brown v. Gen. Services Admin.*, 425 U.S. 820, 832 (1976) (explaining that a federal employee may file a civil action after exhausting his administrative remedies).

[9] *See Tolbert v. United States*, 916 F.2d 245, 248-9 (5th Cir. 1990).

[10] *See Tolbert*, 916 F.2d at 248.

[11] *Id*. at p. 247. *But see Pacheco v. Mineta*, 448 F.3d 783, 788 n. 7 (5th Cir. 2006) (explaining that disagreement exists in the Fifth Circuit about whether the exhaustion of administrative remedies is a prerequisite to a Title VII lawsuit, subject to waiver and estoppel, or whether it is a jurisdictional requirement).

presented documentary evidence showing: (1) the EEOC Administrative Law Judge issued a judgment on May 18, 2006;[12] (2) the Air Force issued a final order on June 21, 2006;[13] and (3) the plaintiff a notice of appeal to the EEOC on June 16, 2006.[14]  The docket entries for this case show that the plaintiff filed her complaint on September 18, 2006—94 days after the plaintiff filed her notice of appeal.  Together, this evidence shows that the plaintiff failed to exhaust her administrative remedies because she chose to pursue further administrative remedy by appealing the EEOC's judgment and filed a lawsuit without waiting for the disposition of her appeal, or 180 days, whichever occurred first.

In her response, the plaintiff does not address the defendant's argument except to ask for equitable tolling.[15]  "A complaining party in a Title VII case bears the burden of providing the justification for application of equitable tolling principles."[16]  The plaintiff did not carry this burden because she did not explain why equitable is appropriate.  While some courts have invoked the doctrine of equitable tolling where "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to

---

[12]Docket entry # 24, exh. 3.

[13]*Id*. at exh. 4.

[14]*Id*. at exh. 5.

[15]Docket entry # 32, p. 2.

[16]*See Wilson v. Secretary, Dep't of Veterans Affairs on Behalf of Veterans Canteen Services*, 65 F.3d 402, 404 (5th Cir. 1995).

pass,"[17] the doctrine is applied sparingly. The plaintiff's suggestion that tolling might be appropriate because no discovery has occurred[18] does not address the fact of premature filing. Besides, tolling by definition applies to late filings, not premature filings. Equitable tolling does not apply here. This lawsuit should be dismissed because the plaintiff failed to exhaust her administrative remedies, depriving this court of jurisdiction to adjudicate her dispute. If the district court agrees with this conclusion, the district court should treat a dismissal as provided in Rule 56 of the Federal Rules of Civil Procedure because my recommendation for dismissal is based on the evidence attached to the government's motion.[19]

## Recommendation

Because the plaintiff did not exhaust her administrative remedies, I recommend GRANTING the defendant's motion to dismiss (docket entry # 24) and DISMISSING this case without prejudice.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this memorandum and recommendation on all parties who have entered an appearance, by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.

---

[17] *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

[18] Docket entry # 32, p. 3.

[19] *See* FED. R. CIV. P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.").

Written objections to this memorandum and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified.[20]  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the magistrate judge.**  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[21]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[22]

**SIGNED** on September 4, 2007.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[20] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[21] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[22] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).